BORDA, PLAINTIFF AND APPELLEE, v. BORDA, DEFENDANT AND
APPELLANT.

Appeal from the First District Court of San Juan in an
Action for Divorce.—Motion for Dismissal.

No. 2625.—Decided November 19, 1923.

DIVORCE—APPEAL—EXTINGUISHMENT OF ACTION.—When neither the complaint
nor the answer in an action for divorce raises any question of the existence
of community property, the death of one of the parties before or after rendi-
tion of the judgment appealed from extinguishes the action and under such
circumstances the appeal will be dismissed.

The facts are stated in the opinion.

*Mr. O. B. Frazer* for the appellant.

*Mr. J. H. Brown* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

The plaintiff-appellee moves for the dismissal of the pres-
ent appeal on the ground that the judgment from which
the appeal was taken is a divorce judgment and that as
the appellant has died the action is extinguished and the
appeal should be dismissed.

The principles involved in the question thus presented
were discussed in a general way in the divorce case of
*Celis Alquier v. Méndez*, 18 P. R. R. 86. In that case the
plaintiff died before the complaint had been answered and
her executor came in and moved that the action be continued
in his name for the benefit of the plaintiff's heirs and for
the sole purpose of determining what interest the defendant
had in her estate and what claim he had to a proportion of
the usufruct.

This Supreme Court, after a lengthy discussion of the
case, said:

"When the defendant, in his opposition, says that the suit had
for its object solely the rupture of the matrimonial bond, and that
the action being a personal one and the complainant having died the
bond itself was thereby broken, such defendant would seem to have
stated an obvious proposition not requiring elaboration;   *   *   *.

"The absurd results that would follow would be to permit a suit to continue where its object had already been attained. Viewed from another aspect, if the result of the suit is to be awaited, an executor would have to wait forever because no means for continuing a suit for divorce are provided in the law, and no divorce can be granted between parties one of whom is already dead, and the matrimonial bond thereby dissolved. The law does not expect a man to do vain and useless things."

. In the instant case the death of the defendant occurred after the judgment had been rendered and while an appeal therefrom was pending. It seems that the jurisprudence distinguishes, in the matter of the abatement of an action because of the death of one of the parties, between actions that are pending and those that have been ended by judgment. An action that is pending, as in the first instance, terminates by reason of the death of one of the parties, but the case is otherwise if the death occurs after judgment, unless the matter is one in which the death wholly eliminates the matter in controversy. In this classification is included an action for divorce in so far as the bond itself or the legal status of the parties is concerned, but we find also that the jurisprudence makes the exception in actions for divorce that when property rights dependent thereon are involved the action is not abated.

"As heretofore observed, a pending action is abated by the death of either party, so that if the cause of action is one that does not survive, the right to prosecute the action further is entirely gone; and this result ordinarily follows even in a case where the action had proceeded to a verdict at the time the party died, if the death occurred before judgment, because a verdict does not finally dispose of the litigation, but merely establishes the existence of the facts necessary to authorize the entry of a judgment. Likewise, where an interlocutory judgment must precede the final judgment, as in divorce suits, and no application for the entry of final judgment has been made within the time prescribed by statute after entry of the interlocutory judgment, and no satisfactory excuse is given for the failure, a final decree cannot be entered after the death of the plaintiff to take effect as of a date prior thereto. * * *

"In the foregoing discussion of abatement as the result of the death of one of the parties it has been assumed that at the time the death occurred either no action had been brought or else that litigation was still in progress. The effect of the death of a party after the issues have all been determined and a final judgment has been entered remains to be considered. It is as obvious as it is elementary that a final judgment is the end of litigation. That which up to the moment of the entry of a judgment for the relief sought was a matter in controversy becomes an absolute debt of one party to the other. The cause of action then has ceased to exist, being merged in the judgment, and consequently, so long as the judgment remains in force, the doctrine of abatement has no further application, unless the case is one in which the death wholly eliminates the matter in controversy, such as a suit for divorce, which will abate on the death of either party so far as it relates to the status of the parties, except where property rights dependent thereon are involved, or a bastardy proceeding, which will abate on the death of the defendant." 1 R. C. L. 38, 39.

"And where the plaintiff dies after a final judgment or decree of divorce in his or her favor and the dissolution of the marriage involves property rights, it is generally recognized that the death of the plaintiff does not work such an abatement of the action as will prevent an appellate court from reviewing the judgment or decree on appeal or writ of error in behalf of the defendant; though it would be otherwise, it seems, if the decree granting the divorce did not affect any property rights, and an appeal by the defendant would abate on the death of either the plaintiff or the defendant." 9 R. C. L. 415.

It follows from the doctrine just quoted that the death of the defendant after judgment would not have the effect of abating the action for divorce unless the dissolution of the marriage would affect property rights. The continuation of the action would serve the only purpose of determining all controversy in connection with the property in litigation. However, we have no basis for doing so in this case. Neither the complaint nor the answer raises any question of the existence of community property.

In California where a system of common property prevails similar to ours based on the rule "that a partition

of the common property is one of the direct results of a decree for divorce, and is part and parcel of the decree to be rendered, and one of the proper subjects of the action,'' it has been held that ''in the absence of an allegation that there is common property, the presumption would be that there was none.'' *Kashaw* v. *Kashaw,* 3 Cal. 313.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.